Hillsborough, Nov. 4, 1942. No. 3348.

STATE *v.* AMELIA CHOUINARD, *Ap't.*

*Stephen M. Wheeler*, Attorney-General, *Ernest R. D'Amours*, Assistant Attorney-General and *J. Vincent Broderick*, County Solicitor (*Mr. Wheeler* orally), for the State.

*Haydon C. Covington* (of New York), and *Frederick E. St. Cyr* for the defendant.

BURQUE J. The defendant is an adult, and is charged with selling or exposing for sale, pamphlets or magazines, April 27, 1940, upon a public place called Elm Street in Manchester, "without having had issued to her a badge for that purpose and not having complied with the terms under which said badge should have been issued, contrary to the rules and ordinances of said city of Manchester, contrary to the form of the statutes" etc.

The city of Manchester has an ordinance entitled "Newsboys and Bootblacks." It provides (section 1) that "no person shall, in any street or public place of the city of Manchester, work as a bootblack, or sell or expose for sale, any newspapers, books, pamphlets or magazines, unless there shall first have been issued to him a badge as hereinafter provided," etc.

Section 2 provides that "the superintendent of schools shall issue all badges in accordance with the provisions of this ordinance. He shall issue no badge except upon the application of the parent or guardian or of some responsible citizen of the city of Manchester if the applicant is under fourteen years of age."

In the A.L.R. Digest, under the title of "Carriers," vol. 1, *p.* 380, *s.* 333, is the following heading: "Children; newsboys." The section deals with cases relating to the status of newsboys in the act of selling and delivering papers, and whenever their ages appear in the cases considered, they are invariably found to be in their early teens.

But one case has been found where the court has said that it cannot be inferred from the use of the word "newsboy" that the person thus designated was under the age of twenty-one. *Alexander* v. *Railway*, 35 Q.B. (Upper Canada) 453. The case is not to be followed here.

In view of the title of the ordinance, and the further provision that the administration of the ordinance is placed in the hands of the Superintendent of Schools, who shall not issue a badge except "upon application of the parent or guardian or of some responsible citizen of the city of Manchester if the applicant is under fourteen

years of age," we conclude the ordinance is intended to apply only to children of school age, and to give the Superintendent supervision over them mostly for school attendance purposes. The only authority the Board of Aldermen has reserved to itself is to approve the design of the badge.

A law relating to child labor was first enacted in 1911, c. 162; and s. 4 thereof referred (as appears in the margin), to "News-vendors and bootblacks." It provided that "no boy under ten and no girl under sixteen years of age shall sell or expose or offer for sale newspapers, magazines, periodicals or other merchandise in any street or public place . . ."

This law was reënacted, and incorporated in the revision and codification of the school laws (Laws 1921, c. 85, Pt. III (b)); and again in P. L., c. 118, s. 21. It is thought in view of the provision in the ordinance placing its administration in the hands of the Superintendent of Schools that it was the intent of the Board of Aldermen to conform as nearly as possible to the state law. Section 3 of the ordinance lends force to this view, in that it provides that the "applicant shall conform to the laws of the state of New Hampshire," etc. This necessarily includes all provisions of the school laws, enforcement of which are in the hands of the state and local boards of education. The conclusion, therefore, is that the ordinance applies only to children of school age.

The State contends that the ordinance is broad enough to apply to all persons, because of the use of the words "no person" in s.1. We cannot subscribe to this. The reasons given above refute such a theory.

The result reached makes it unnecessary for us to consider the constitutional questions raised by the defendant on other phases of the case.

*Complaint quashed.*

All concurred.